MR. JUSTICE ERICKSON
dissenting:
I respectfully dissent from the majority opinion. While I am in agreement with the approach taken in the majority opinion, I cannot concur in the result which the majority reaches.
An important part of the water right application process is the preparation by the water clerk of a resume describing the application and its publication. Section 37-92-302(3), C.R.S. 1973. The resume serves notice of the application to all persons in the water division who must take action to protect their rights.
The majority states that once trans-mountain diversion waters flow into the tunnel, 100% consumption occurs as far as the “losing” division is concerned. It then concludes that the legislative intent was that applications for changes in use be filed in the division of use, since the proposed change would not effect any water rights in the “losing” division.
The majority ignores the legal fact that appropriators of water rights in the “gaining” division cannot establish rights in the imported water as against the importer. In City and County of Denver v. The Fulton Irrigating Ditch Co., 179 Colo. 47, 506 P.2d 144 (1972), this court held that an appropriator who lawfully introduces foreign or imported water into a stream system may use, reuse, make successive use of, and after use make disposition of that water. This right is also guaranteed by statute. Section 37-82-106, C.R.S. 1973.
Since no injury can result to appropriators in either division by the proposed change of use, no good purpose is served by requiring the application be filed in the “gaining” division. Indeed, the common and established practice, inferentially admitted by the majority’s citation of Twin Lakes Reservoir and Canal Co. v. Aspen, 193 Colo. 478, 568 P.2d 45, is for such applications to be filed in the division of diversion. The majority concedes that a change in point of diversion application must be filed in the “losing” division, presumably on the ground that rights in that division might be injured. To hold that applications for a change of use for the same water right must be brought in the “gaining” division, when no injury will result in either, can only result in confusion and misfilings.
*64 I would, therefore, hold that the proper venue for these applications is in the division of diversion, in this case, Water Division No. 4.